IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
John E. Triplett, Acting Clerk
United States District Court
*By MGarcia at 11:36 am, Apr 27, 2020*

UNITED STATES OF AMERICA,

          CASE NO.: 2:19-cr-43

v.

MARQUISE LITTLE,

    Defendant.

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Marquise Little ("Defendant") has been indicted on attempted coercion and enticement, in violation of 18.U.S.C. § 2422(b). Doc. 86. Defendant's Motion to Dismiss Superseding Indictment is presently before the Court. Doc. 110. The Government filed a response in opposition. Doc. 118. Defendant filed a reply, doc. 122, and the Government filed a surreply, doc. 128. Defendant's Motion to Dismiss is now fully briefed. For the reasons set forth below, I **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss.

### DISCUSSION

Defendant is charged in this case with one count of attempted coercion and enticement, in violation of 18 U.S.C. § 2422(b). Doc. 86. Section 2422(b) makes it a crime for one to knowingly persuade, induce, entice, or coerce an individual under 18 years of age to engage in

any sexual activity "for which a person can be charged with a criminal offense." Section 2422(b) also criminalizes "attempts to do so."

> The Superseding Indictment in this case alleges Defendant:
>
> did use any facility or means of interstate and foreign commerce, that is, the internet and a cellular phone, to knowingly attempt to persuade, induce, entice and coerce an individual he believed to be a fourteen-year-old girl to engage in sexual activity for which he could be charged with a criminal offense under the laws of the state of Georgia, specifically child molestation in violation of O.C.G.A. § 16-6-4.

Doc. 86 at 1. In other words, the Superseding Indictment alleges Defendant violated § 2422(b) by attempting to entice or coerce the perceived minor to engage in prohibited sexual activity (i.e., activity for which Defendant could have been charged with "child molestation" under O.C.G.A. § 16-6-4). Doc. 86.

> Under § 16-6-4(a)(1), a person commits the crime of child molestation when he:
>
> (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person; or
>
> (2) By means of an electronic device, transmits images of a person engaging in, inducing, or otherwise participating in any immoral or indecent act to a child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

§ 16-6-4(a).

In his Motion to Dismiss, Defendant argues "[a]ll of the conduct asserted by the Government remains confined in texts and telephone calls," and such conduct cannot constitute the crime of child molestation under § 16-6-4. Doc. 110 at 4. Defendant argues that because "this conduct does not violate Georgia law, the Government does not state a violation of [18 U.S.C. § 2422(b)]." Id. Through the course of briefing and in response to the Government's arguments, Defendant clarified that he is not seeking dismissal based on insufficiency of the evidence; rather, Defendant "moved to dismiss the superseding indictment because the

indictment as written did not assert a violation of law." Doc. 122 at 5. Therefore, the parties agree that the appropriate inquiry is whether the Superseding Indictment, as written, sufficiently alleges a violation of § 2422(b).[1]

Federal Rule of Criminal Procedure 7(c) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." It is well-settled that "an indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002) (internal quotations omitted). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." See United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphases in original) (citing United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)).

In analyzing Defendant's Motion to Dismiss, it is helpful to separate the allegations supporting Count in the Superseding Indictment into their principal parts. The Superseding

---

[1] A substantial portion of the Government's opposition is dedicated to arguing Defendant cannot challenge the sufficiency of the evidence in a motion to dismiss. Doc. 118 at 1–2; Doc. 128 at 2. Defendant seemingly concedes this point, and, instead, characterizes his challenge as a facial challenge to the sufficiency of the Superseding Indictment, as written (ostensibly, raising a challenge solely under Federal Rule of Criminal Procedure 12(b)(3)(B)(v)). Doc. 122 at 5. To the extent Defendant argues the evidence in this case is insufficient to support the charge against him, that argument would fail and any request to dismiss based on that argument should be denied. It is improper to challenge the sufficiency of the evidence in a motion to dismiss, as such challenges should be made at trial. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (A motion to dismiss an indictment does not "provide for a pre-trial determination of sufficiency of the evidence[.]"); see also United States v. McGill, 634 F. App'x 234, 235 (11th Cir. 2015) (affirming denial of motion to dismiss charge under § 2422(b) where motion challenged the sufficiency of the trial evidence, rather than facial validity of the indictment).

Indictment alleges Defendant violated § 2422(b) by: (1) using the internet and a cellular phone, (2) to knowingly attempt, (3) to persuade, induce, entice, and coerce, (4) a perceived minor, (5) to engage in sexual activity for which Defendant could be charged with a child molestation under § 16-6-4.   These allegations track the language of § 2422(b) and, therefore, sufficiently allege a violation of 18 U.S.C. § 2422(b).

Defendant argues the Superseding Indictment is flawed, and does not assert a violation. In support of this argument, Defendant attempts link the first allegation (using the internet and a cellular phone) with the last allegation (to engage in sexual activity for which Defendant could be charged with child molestation under § 16-6-4(a)).   Doc. 110.   Defendant argues communications solely by telephone do not constitute the crime of child molestation under § 16-6-4(a).   Defendant's argument and construction is inconsistent with the plain language of the Superseding Indictment.   The Superseding Indictment does not allege Defendant used the internet and a cellular phone to engage in child molestation.   Rather, the plain language of the Superseding Indictment accuses Defendant of using "the internet and a cellular phone" to attempt to persuade a perceived minor to engage in sexual activity—sexual activity that would constitute child molestation under § 16-6-4(a).   Thus, the allegation in the Superseding Indictment tracks the required elements and § 2422(b) and adequately alleges an offense.

Defendant's cited authority does not warrant a different result.   Defendant relies exclusively on Vines v. State, 499 S.E.2d 630 (Ga. 1998).   In Vines, the Georgia Supreme Court considered a whether telephone communications alone could constitute child molestation, as that crime was defined by § 16-6-4(a).[2]  499 S.E.2d at 630.   The only contact between the defendant

---

[2]   The version of O.C.G.A. § 16-6-4(a) in place at the time of Vines defined child molestation using language identical to the current language in § 16-6-4(a)(1).   The earlier version did not contain any additional definition, and, specifically, did not contain what is now § 16-6-4(a)(2), which expands the

and victim in Vines occurred by telephone.  Id.   The defendant argued telephone communications alone could not constitute child molestation under § 16-6-4(a).  Id.   The Georgia Supreme Court agreed, holding that telephone communications alone do not constitute an act done "to or in the presence of or with" a child victim.  Id. at 631.   Defendant argues the allegation in the Superseding Indictment that he used "the internet and a cellular phone" is equivalent to the telephone-only communications described in Vines, and, therefore, the Government has failed to allege conduct that would constitute child molestation under § 16-6-4(a)(1).

Defendant's reliance on Vines is based on the same, above-described incorrect reading of the Superseding Indictment.   The Superseding Indictment does not allege Defendant committed child molestation under § 16-6-4(a)(1) by using the internet and a cellular phone, which, indeed, might be inconsistent with the holding in Vines.[3]   Rather, the Superseding Indictment alleges Defendant used the internet and a cellular phone to attempt to persuade a perceived minor to engage in sexual activity, and that sexual activity (not the telephonic communications) would

---

definition of child molestation to include some transmission of images to minors.   Thus, Vines is still a valid interpretation of the definition of child molestation contained in § 16-6-4(a)(1).   As to the definition of child molestation in § 16-6-4(a)(2), Defendant and the Government appear to agree that Defendant's conduct—which, apparently, did not involve the transmission of any images by Defendant—would not constitute child molestation, as defined in § 16-6-4(a)(2).   Doc. 110; Doc. 128 (the Government noting that the definition of child molestation involving the transmission of images under § 16-6-4(a)(2) is "irrelevant").   Thus, it is not necessary to address § 16-6-4(a)(2) further.

[3]      The Court notes, however, that telephone communications alone may be sufficient to support a charge of attempted child molestation.  Dennard v. State, 534 S.E.2d 182, 186 (Ga. Ct. App. 2000) (rejecting a challenge to the sufficiency of an indictment based on Vines, where the defendant was charged with attempted child molestation based on internet communications).

constitute child molestation under § 16-6-4(a)(1). Defendant's reliance on Vines is, therefore, unavailing.

The Government emphasizes § 2422(b) criminalizes "attempts" to coerce or persuade a minor to engage in sexual activity that would constitute a criminal act, and, therefore, in this case, the Government would only need to prove Defendant could have been charged with child molestation under § 16-6-4(a)(1), if he had "successfully had sex with a 14-year old." Doc. 118 at 3. This is consistent with the language of the Superseding Indictment, which alleges Defendant attempted to convince the perceived minor to engage in sexual activity (again—sexual activity that would constitute child molestation under Georgia law, if it had occurred) and does not allege Defendant actually engaged in child molestation.

The Government also correctly points out the Eleventh Circuit considered—and rejected—an argument similar to Defendant's argument in United States v. Lanzon, 639 F.3d 1293 (11th Cir. 2001). Doc. 118 at 3 (also quoting United States v. Wilkerson, 702 F. App'x 843, 851 (11th Cir. 2017) ("If the government presents sufficient evidence that the defendant would have violated the state statute if he had completed the sex act he attempted to induce, then the government has proven a violation of § 2422(b).")). In Lanzon, the Eleventh Circuit confirmed that § 2422(b) criminalizes the "persuasion, inducement, enticement, or coercion" of the minor, not the sex act itself. 639 F.3d at 1298–99. Thus, the Eleventh Circuit concluded "if a defendant attempts to persuade a minor to engage in illicit sexual activity, but does not actually engage in a sex act, § 2422(b) has still been violated." Id. at 1299. Consistent with this reasoning, the Superseding Indictment in this case does not allege Defendant engaged in a prohibited sexual act, but, rather, alleges Defendant used the internet and a cellular phone to

attempt to persuade a perceived minor to engage a prohibited sexual act.   Thus, the Superseding Indictment adequately alleges a violation of § 2422(b).

For all of these reasons, Defendant's argument fails, and I **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss Superseding Indictment against Defendant Marquise Little.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to address any contention raised in the Motion to Dismiss Superseding Indictment must also be included.   Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.   See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of April, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA