**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | CASE NO.: 2:19-cr-43 |
| v. | |
| MARQUISE LITTLE, | |
| Defendant. | |

**O R D E R**

The Government's Consolidated Motion in Limine, doc. 99, is presently before the Court. In its Motion, the Government seeks to preclude: (1) evidence or argument relating to the penalty or punishment of the charges pending against Defendant; (2) evidence or argument relating to impossibility; and (3) Defendant from arguing for jury nullification. Id. Defendant responded to the Government's Motion and states he does not intend to make reference to the possible sentence he faces at trial and does not intend to assert any defense based on legal or factual impossibility.[1] Accordingly, the first and second requests in the Government's Motion are

---

[1] One point warrants clarification. Defendant is charged with attempted coercion and enticement under 18 U.S.C. § 2422(b), and it is alleged that Defendant was communicating with "an individual he believed to be a fourteen-year-old girl . . . ." Doc. 86. At trial, the Government must prove, among other things, that "Defendant believed that [individual named in the indictment] was less than 18 years old." Pattern Crim. Jury Instr. 11th Cir., O92.3 (2019); United States v. Caniff, No. 17-12410, 2020 WL 1802764, at *2 (11th Cir. Apr. 9, 2020) (charge of attempted enticement under § 2422(b) "required the Government to prove, not that there was an actual child victim, but that [the defendant] believed he was texting with a minor"). Defendant contends he did not believe the person with whom he was communicating was a minor. Doc. 116 at 2. The Government's Motion does not seek to preclude argument or evidence related to this essential element of the offense (i.e., Defendant's subjective belief about the age of the person with whom he was communicating). Rather, the Government seeks to preclude any argument or evidence on the topic of impossibility—meaning that it would have been legally or factually impossible for Defendant to commit this offense because there was no actual minor, only an undercover officer masquerading as a minor. Defendant concedes only that he will not present evidence or argument on impossibility; Defendant maintains that he should be permitted to submit argument and evidence regarding his subjective belief about the age of the person with whom he was communicating.

**DENIED as moot**.  The Government may reassert its challenges on these issues if Defendant attempts to introduce evidence or argument on these topics.

Regarding the Government's third request for an order precluding Defendant from arguing for jury nullification, the Government seeks a general prohibition on all arguments, questions, and evidence that seek jury nullification and provides a list of possible "arguments or topics" that it contends would qualify as jury nullification.  Doc. 99 at 9.  In response, Defendant does not appear to oppose a general prohibition on seeking jury nullification.  Regarding the Government's list of "arguments or topics," Defendant states he does not intend to offer evidence, argument, or questioning on some of these topics but argues he should be permitted to address others (ostensibly arguing that some of the topics do not constitute improper attempts to seek jury nullification).  Doc. 116 at 2–3.

To the extent the Government requests that the parties be prohibited—generally—from introducing evidence, argument, and questioning that seek jury nullification, that portion of the Government's request is **DENIED as moot**.  Defendant does not appear to oppose a general prohibition on efforts to seek jury nullification.  Moreover, evidence and argument seeking jury nullification is already plainly prohibited, and the Court would not allow it.  To ensure clarity on this point, jury nullification refers to "a jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness."  Black's Law Dictionary (11th ed. 2019).  A party seeking a jury nullification verdict wants the jury to use its "de facto power to refuse to apply the law as instructed by the court," even though the "exercise of such power is in dereliction of the jury's sworn duty."  United States v. Funches, 135 F.3d 1405, 1409 (11th Cir. 1998).  It is well-

established that parties and their counsel may not seek jury nullification at any time during trial, including through the introduction of irrelevant evidence or through argument.  Id.; United States v. Trujillo, 714 F.2d 102, 106 (11th Cir. 1983).  Consequently, no party or counsel will be permitted to encourage jurors to violate their oath by encouraging disregard of the law or the evidence.

In its Motion, the Government also identifies the following five "topics or arguments" it contends constitute efforts to obtain jury nullification: (1) whether Defendant specifically sought out someone underage; (2) whether the person he thought was a 14-year-old girl exhibited adult-like behavior; (3) that Defendant should not be convicted because there is no real "victim" in this case because Lizzie was really an undercover agent; (4) that an attempt to commit a crime is not or ought not itself be a crime; or (5) any improper character evidence of the Defendant.  Doc. 99 at 9–10.  The Government argues Defendant should be precluded from offering any evidence, questions, or argument related to these five topics and arguments, as they would only be introduced to invoke sympathy and invoke jury nullification.  Defendant states he has no intent to introduce evidence, questioning, or argument on items identified as (3) and (4) above, doc. 116 at 3, and, therefore, the Government's requests regarding these items are **DENIED as moot**.  Again, the Government may reassert its challenges if there is any attempt to introduce evidence, questions, or argument on these topics.  Each remaining items is addressed individually.

**Item (1): Whether Defendant specifically sought out someone underage.**  The factual circumstances giving rise to the charges against Defendant in this case are summarized in the undersigned's Report and Recommendation on Defendant's Motion to Suppress, doc. 75 at 2–8, and will not be fully restated here.  For the purposes of this portion of the Government's Motion in Limine, the following facts are relevant.  The Government alleges Defendant logged into an

online dating website and cellphone application known as Whisper on March 28, 2019. Id. Defendant identified a user profile he contends described a 36- to 39-year-old adult woman. The Government does not appear to dispute the profile represented that the user was an adult. Id. at 2, n.1 (describing the Government's position regarding the Whisper user profile). Unbeknownst to Defendant, the user profile was operated by undercover law enforcement officers. After identifying the profile, Defendant initiated a text conversation with the person behind the profile. In the text message exchanges, the undercover officer stated he was a 14-year-old girl named "Lizzie." Id. at 3–4 (describing communications). Defendant and Lizzie exchanged text messages over the course of several hours on March 28, 2019, which involved making plans to meet to engage in sexual activity. Id. at 5. Lizzie informed Defendant she lived in Shadowlawn Subdivision in St. Marys, Georgia. Defendant explained to Lizzie he was traveling to Lizzie's neighborhood to meet Lizzie and engage in sexual activity. Id. Eventually, Defendant informed Lizzie he had arrived in her neighborhood attempted to coordinate a precise meet-up spot. Id. Defendant was arrested in the Shadowlawn Subdivision shortly thereafter. Id. Defendant is charged with attempted coercion and enticement, in violation of 18 U.S.C. § 2422(b). Doc. 86. Specifically, the Government alleges in the Superseding Indictment that Defendant attempted to coerce or entice "an individual he believed to be a fourteen-year-old girl to engage in sexual activity . . . ." Id.

    The Government contends Defendant should be precluded from offering evidence and argument regarding whether he specifically sought out a minor, arguing that fact is "irrelevant to the elements of the charged offenses" and "would only seek to invoke sympathy and invite jury nullification." Doc. 99 at 9. Defendant disagrees, arguing this fact is relevant to his defense that

4

he did not believe he was speaking to a child during the relevant communication and to his entrapment defense. Doc. 116.

Among other things, the Government must prove at trial that Defendant had the required intent to commit the charged crime. United States v. Syed, 616 F. App'x 973, 977 (11th Cir. 2015) (quoting United States v. Yost, 479 F.3d 815, 819 (11th Cir. 2007)); Pattern Crim. Jury Instr. 11th Cir., O92.3 (2019) (for Defendant to be convicted of attempted coercion and enticement under § 2422(b), the Government must prove "Defendant believed that [individual named in the indictment] was less than 18 years old"). Defendant contends he did not believe Lizzie was a minor. In other words, Defendant asserts as a defense that the Government cannot prove an essential element of the offense charged. Defendant's position is based—at least in part—on the contention that he sought out an adult on Whisper, and the Whisper profile used by law enforcement represented that the profile belonged to an adult woman. Whether Defendant specifically sought out a minor when he initiated contact with the Whisper profile is relevant to whether Defendant believed he was communicating with a minor because it has a tendency to make a material fact "more or less probable than it would be without the evidence . . . ." Fed. R. Evid. 401. If Defendant sought out a minor, it is more probable that he believed Lizzie to be a minor. If Defendant did not seek out a minor, it is less probable that he believed Lizzie to be a minor.[2] Because whether Defendant sought out a minor is relevant to this aspect of Defendant's defense, any assertion in this regard would not be introduced solely to invoke sympathy or to

---

[2] Of course, less probable does not mean impossible or even unlikely. The Government may argue and present evidence to show that Defendant did, in fact, seek out a minor, and that even if Defendant did not seek out a minor, he, nonetheless, believed Lizzie to be a minor based on the content of their text communications. See United States v. Caniff, 955 F.3d 1183, 1193 (11th Cir. 2020) (evaluating sufficiency of the evidence that the defendant believed he was communicating with a minor to support § 2422(b) conviction where there was arguably conflicting evidence on that point).

5

invite jury nullification. Accordingly Defendant should not be precluded from presenting evidence or argument regarding whether he sought out a minor on this basis.

Defendant also contends that whether he sought out a minor is relevant to his entrapment defense.[3] Doc. 116. "Entrapment is an affirmative defense that requires (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to commit the crime before the inducement." United States v. Rutgerson, 822 F.3d 1223, 1234 (11th Cir. 2016) (addressing entrapment defense to § 2422(b) charge) (citing United States v. Orisnord, 483 F.3d 1169, 1178 (11th Cir. 2007)); United States v. Ryan, 289 F.3d 1339, 1343 (11th Cir. 2002)). Entrapment is generally a jury question, and the issue of predisposition is a "fact intensive and subjective inquiry, requiring the jury to consider the defendant's readiness and willingness to engage in the charged crime absent any contact with the government's agents." Id.

Whether Defendant sought a minor on March 28, 2019 is relevant to both government inducement and lack of predisposition. The circumstances of Defendant's initial contact with the Whisper profile user will be relevant to the presence or absence of government inducement. See, e.g., United States v. Chmielewski, 761 F. App'x 935, 939 (11th Cir. 2019) (addressing sufficiency of evidence on entrapment defense made in defense to § 2422(b) charge arising from online sting operation and noting that predisposition is a "fact-intensive and subjective inquiry"). Likewise, whether Defendant intended to contact a minor on Whisper when he visited the site will be relevant to whether Defendant was predisposed to commit a violation of § 2422(b) absent contact with the government's agents. Because this fact is relevant to Defendant's entrapment defense, evidence and argument concerning the topic not be introduced solely to invoke

---

[3] Defendant filed a notice of entrapment defense in this case in response to the Government's request under Local Rule for Administration of Criminal Cases 12.2. Doc. 109. Defendant's notice sets forth the circumstances Defendant contends support his defense. Id.

sympathy or to invite jury nullification.  Accordingly, Defendant should not be precluded from presenting evidence or argument regarding whether he sought out a minor on this basis.  For these reasons, this portion of the Government's Motion in Limine is **DENIED**.

**Item (2): Whether the person Defendant thought was a 14-year-old girl exhibited adult-like behavior.**  The Government contends Defendant should be precluded from offering evidence and argument regarding whether the person Defendant was communicating with "exhibited adult-like behavior," arguing that fact is "irrelevant to the elements of the charged offenses" and "would only seek to invoke sympathy and invite jury nullification."  Doc. 99 at 9.  Defendant opposes this request, arguing that whether Lizzie exhibited adult-like behavior "goes to the heart of Mr. Little [sic] defense that he did not 'knowingly' 'believe' that he spoke with a fourteen-year-old."  Doc. 116 at 3.

As explained above, the Government must prove Defendant believed he was communicating with a minor during the relevant communications.  Whether Lizzie exhibited adult-like behavior is relevant to whether Defendant believed he was communicating with a minor because it has a tendency to make that fact more or less probable than it would be without the evidence.  Fed. R. Evid. 403.  Because whether Lizzie exhibited adult-like behavior is relevant to an essential element of the Government's case (and, therefore, Defendant's defense), evidence and argument related to that fact would not be introduced solely to invoke sympathy or to invite jury nullification.  Accordingly, Defendant should not be precluded from presenting evidence or argument regarding whether Lizzie exhibited adult-like behavior.  For these reasons, this portion of the Government's Motion in Limine is **DENIED**.

**Item (5): Improper character evidence of Defendant.**  The Government contends Defendant should be precluded from offering "improper character evidence," arguing that

improper character evidence is "irrelevant to the elements of the charged offenses" and "would only seek to invoke sympathy and invite jury nullification." Doc. 99 at 9. Defendant responds with a single sentence: "Should character become an issue, Mr. Little plans to use it." Doc. 116 at 3. Neither party has identified any specific character evidence it intends to introduce at trial.

The parties' ability to introduce character evidence at trial will be governed by the Federal Rules of Evidence, and, specifically, Rules 404 and 405. It is well-settled that "the government generally cannot introduce evidence attempting to show that a defendant was predisposed to commit a crime, nor can a defendant present evidence of generally good conduct in an attempt to negate the government's showing of criminal intent." Rutgerson, 822 F.3d at 1240 (internal cits. omitted). However, in the context of a trial on a § 2422(b) charge where an entrapment defense has been raised, both the government and the defendant may, with certain limitations, present evidence of specific instances of prior conduct that tend to demonstrate the defendant's predisposition or lack of predisposition to commit the offense charged. Id. Where character evidence is not admissible and is sought to be introduced solely for the purposes of seeking jury nullification, such evidence should be excluded. See, e.g., United States v. Joseph, 567 F. App'x 844, 849 (11th Cir. 2014) ("[W]hen the district court restricted defense counsel's comments about [the defendant's] honor and social contributions—comments that were part of his jury nullification efforts—the court did not deny [the defendant] the opportunity to make a legally tenable argument. Instead, it kept him from making impermissible arguments.").

The Court will apply the Federal Rules of Evidence and follow controlling authority. The Court will not permit any party to introduce improper character evidence at trial, particularly where the evidence is presented in an effort to obtain a jury nullification verdict. Thus, there is

no need for a ruling at this time on excluding improper character evidence.  For these reasons, this portion of the Government's Motion in Limine is **DENIED**.

## **CONCLUSION**

For the reasons set forth above, the Court **DENIES** certain portions of the Government's Consolidated Motion in Limine on the merits and **DENIES** the remaining portions **as moot**.

**SO ORDERED**, this 7th day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA